IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SCOTT BOYD, *on behalf of himself and all others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> PUBLIC EMPLOYEES CREDIT UNION, <br><br> Defendant. | Case No. 1:22-cv-00825-DAE |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiff Scott Boyd and Defendant Public Employees Credit Union ("PECU," and, together with Plaintiff, the "Parties") Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Award to Plaintiff ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Fairness Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on December 20, 2022, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Doc. No. 21) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiff as the Class Representative and

appointed Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS**, on February 3, 2023, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

**WHEREAS**, on June 9, 2023, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Fairness Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Fairness Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representative;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for PECU, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for a Service Award to the Representative Plaintiff, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiff's Class Action Complaint against PECU for failure to implement or maintain adequate data security measures and safeguards to protect the sensitive information, which Plaintiff alleges directly and proximately caused injuries to Plaintiff and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by PECU, and the Court expressly does not make any finding of liability or wrongdoing by PECU.

4. Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons who were sent written notification by Public Employees Credit Union ("PECU") that their PII was potentially compromised as a result of the unauthorized access to PECU's network that PECU discovered on or about April 26, 2022 (the "Data Incident").

Specifically excluded from the Settlement Class are:

> (i) PECU, the Related Entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a. PECU to institute Claims Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by a Claims Administrator and/or Claims Referee mutually agreed upon by Class Counsel and PECU.

    b. PECU to pay all costs of Claims Administration, including the cost of the Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

    c. PECU to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and a Service Award to the Class Representative.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Fairness Hearing, Plaintiff's application for attorneys' fees, costs, and expenses, and the Service Award payment to

the Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law

10. The Court finds that PECU has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the Opt-Out deadline, seven (7) potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit A** to this Final Order and Judgment. Those persons are not bound by the Settlement Agreement and this Final Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

12. Zero objections were filed by Settlement Class Members. The Court notes the lack of objection to this Settlement.

13. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Fairness Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

16. Pursuant to the Settlement Agreement, PECU, the Claims Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

17. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> Upon the Effective Date, each Settlement Class Member (who has not timely and validly excluded himself or herself from the Settlement), including Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member (who has not timely and validly excluded himself or herself from the Settlement), including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.
>
> "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any states in the United States; violations of any Texas and similar state consumer protection statutes including but not limited to the California Consumer Privacy Act and California Unfair Competition Law, negligence;

7

negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Settlement Class Member, Class Counsel, or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

"Related Entities" means Public Employees Credit Union ("PECU") and its respective past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of its and their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Action, including covered entities associated with facts arising out of the Data Breach, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Breach or who pleads *nolo contendere* to any such charge.

"Released Persons" means PECU and the Related Entities.

"Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiff intends to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

>A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

>Settlement Class Members, including Plaintiff, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

19. Pursuant to and as further described in the Settlement Agreement, PECU releases claims as follows:

>Upon the Effective Date, PECU shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiff, each and all of the Settlement Class Members, Class Counsel and Plaintiff' Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims. Any other claims or defenses PECU may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

20. Neither PECU nor their Related Parties, shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person other than Plaintiff, each and all of the Settlement Class Members, Class Counsel and Plaintiff's Counsel. In addition, none of the releases in the Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement by Plaintiff, Settlement Class Members, Class Counsel, and/or PECU.

9

21. The Court grants final approval to the appointment of Plaintiff Scott Boyd as Class Representative. The Court concludes that Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

22. Pursuant to the Settlement Agreement, and in recognition of his efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representative in the amount of $1,500.00 as a Service Award. PECU shall make such payment in accordance with the terms of the Settlement Agreement.

23. The Court grants final approval to the appointment of Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel/ The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

24. The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for combined attorneys' fees, costs, expenses in the amount of $190,000. Payment shall be made pursuant to the terms of the Settlement Agreement.

25. This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against PECU of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of PECU or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or

wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by PECU, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by PECU that Plaintiff's claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

      26.    If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated nunc pro tunc, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In

such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, PECU will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

27. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

29. This Order resolves all claims against all Parties in this action and is a final order.

30. The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

**DONE AND ORDERED** in Austin, Texas on this 9th day of June, 2023.

_____
HONORABLE DAVID A. EZRA
UNITED STATES DISTRICT COURT JUDGE

# **EXHIBIT A**

| Exclusion List | |
|---|---|
| **Count** | **Record Identification Number** |
| 1 | 654581B37BVK1 |
| 2 | 654581BMJ5YHC |
| 3 | 654581S8TS8VD |
| 4 | 654581B3P2YB3 |
| 5 | 654581QC50MFB |
| 6 | 6545819140N7S |
| 7 | 6545819WP2W59 |